# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **ARNOLD FORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:20-cv-00596** |
| | ) | |
| **SHELIA STEWART, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMOARNDUM OPINION AND ORDER

Arnold Ford, a pro se Tennessee resident, filed a civil complaint (Doc. No. 1) and an application to proceed as a pauper (Doc. No. 3). As explained below, this action will be dismissed without prejudice for lack of subject matter jurisdiction.

## I. Application to Proceed as a Pauper

The Court may authorize a person to file a civil suit without paying the $400.00 filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper reflects that he cannot pay the filing fee without undue hardship. Accordingly, the application (Doc. No. 3) is **GRANTED**.

## II. Subject Matter Jurisdiction

The Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "A plaintiff has the burden of establishing jurisdiction." Erdman v. Robinson, 115 F. App'x 778, 779 (6th Cir. 2004) (citing Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990)). The Court must liberally construe a pro se party's pleading, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)), but will not "abrogate basic pleading essentials in pro se suits." Leisure v. Hogan, 21 F. App'x 277, 278 (6th Cir. 2001) (citing Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)).

Plaintiff, a Section 8 housing voucher recipient, alleges that he is constantly harassed by his neighbors. (Doc. No. 1 at 3–4.) He alleges that they try to enter his furnished apartment, and that a neighbor stole his watch and two DVDs worth around $40.00. (Id. at 4; Doc. Nos. 4–6.) Plaintiff alleges there is a camera outside his apartment, and the apartment manager told him that "a person with authority can view" it. (Doc. No. 6 at 1.) Plaintiff suspects that "Rusty Lawrence is behind this" because Lawrence has raised Plaintiff's rent two or three times and wants Plaintiff to move. (Id. at 2.) Plaintiff sues three neighbors and a maintenance worker for the apartment complex with a master key. (Doc. No. 1 at 2.) He requests the return of his property. (Id. at 4.)

Federal courts are courts of limited jurisdiction, and may generally consider two "types of cases: cases that 'arise[e] under federal law, [28 U.S.C.] § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, [28 U.S.C.] § 1332(a)." Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019). Here, Plaintiff relies on just this first type of jurisdiction. (Doc. No. 1 at 3.) Even so, the Court concludes that neither type of jurisdiction applies.

First, Plaintiff has not established this Court's federal question jurisdiction. The Court's "review of whether federal-question jurisdiction exists is governed by the well-pleaded complaint rule, which provides that jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint." Kitzmann v. Local 619-M Graphic Commc'ns Conf. of Int'l Bhd. of Teamsters, 415 F. App'x 714, 716 (6th Cir. 2011) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). Plaintiff does not cite any federal law in the Complaint.[1] In the space on the Complaint form to list "specific federal statutes, federal treaties, and/or provisions of the United

---

[1]      And Plaintiff does not, for instance, make any allegations that plausibly invoke this Court's jurisdiction under 42 U.S.C. § 1983, "a statute that provides recovery for constitutional deprivations incurred under the color of state law." Prater v. City of Burnside, Ky., 289 F.3d 417, 424 (6th Cir. 2002).

States Constitution that are at issue in this case," Plaintiff states only that he is "on Section 8." (Doc. No. 1 at 3.) But even though Plaintiff receives a housing voucher through a federal program, and the alleged events in this case occurred in or around an apartment he rents through this program, conclusory allegations of harassment and theft by his neighbors are insufficient to establish federal question jurisdiction. See Barbero v. Wilhoit Props., Inc., No. 4:19-cv-02697-PLC, 2020 WL 3972341, at *5 (E.D. Mo. July 14, 2020) (noting that a federal housing voucher alone does not create a federal cause of action). Even under the lenient standards for evaluating pro se pleadings, Plaintiff must "identify a right, privilege or immunity that was violated," see Perry v. United Parcel Serv., 90 F. App'x 860, 861 (6th Cir. 2004) (citing Codd v. Brown, 949 F.2d 879, 882 (6th Cir. 1991)), and he fails to do so here.

Second, to the extent that the Complaint asserts state law claims, Plaintiff also has not established this Court's diversity jurisdiction. This type of jurisdiction has two elements: (1) "diversity of citizenship among the parties" and (2) an amount in controversy that exceeds $75,000. Home Depot, 139 S. Ct. at 1746 (citing 28 U.S.C. § 1332(a)). Plaintiff fails to satisfy both elements, as the Complaint reflects that all parties are Tennessee citizens, and the amount in controversy is about $40.00, plus the unspecified value of Plaintiff's watch—well under the $75,000 threshold.

## III.    Conclusion

For these reasons, Plaintiff has not established the Court's subject matter jurisdiction to consider this case. Accordingly, this action is **DISMISSED without prejudice** and the Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

3

Specifically, this dismissal is without prejudice to Plaintiff's ability to file an Amended Complaint identifying and alleging a federal claim. See Brown v. Matauszak, 415 F. App'x at 608, 614 (6th Cir. 2011) (internal quotation marks and citation omitted) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend."). Any Amended Complaint must be filed within **30 DAYS** of the date this Order is entered on the docket, and it must include the assigned case number, **No. 3:20-cv-00596**.

Alternatively, Plaintiff may raise any state law claims contained in the Complaint in state court, but the Court makes no representations regarding the viability of any such claims.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE